```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
MICHAEL FRIEDMAN GROUP INC.,                               :
                                                           :
                           Plaintiff,                      :
                                                           :
            -v-                                            :   21-CV-3036 (JMF)
                                                           :
DIGITAL MEDIA SOLUTIONS, LLC,                              :   ORDER
                                                           :
                           Defendant.                      :
                                                           :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Michael Friedman Group Inc. brings this action against Defendant Digital Media Solutions, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. ECF No. 1 ("Complaint"), ¶ 17; *see* 28 U.S.C. § 1332. Plaintiff alleges that it is a "New York corporation with its principal place of business located . . . [in] New York . . . ." Complaint ¶ 1. It does not allege Defendant's citizenship, but instead alleges that Defendant is a "Delaware limited liability corporation headquartered . . . [in] Florida . . . ." *Id.* ¶ 3.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).

Additionally, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). Apart from a conclusory statement that the "matter in controversy exceeds $75,000," Complaint ¶ 17, Plaintiff gives no indication that the amount in controversy actually exceeds the jurisdictional minimum. "[R]ote invocations to a jurisdictional statute's amount-in-controversy requirement do not, by themselves, constitute a specification of damages sufficient to invoke federal subject matter jurisdiction." *Starke v. United Parcel Serv., Inc.*, No. 10-CV-1225 (NGG) (ALC), 2011 WL 13294965, at *2 (E.D.N.Y.

Jan. 13, 2011). The gravamen of Plaintiff's sole breach-of-contract claim is that Defendant has wrongfully stopped paying Plaintiff for 2.0% of revenue received from clients that Plaintiff "introduced" to Defendant. *See id.* ¶¶ 13, 22-25; *see also* ECF No. 1-1, at 1. But while Plaintiff alleges that Defendant had a revenue of "over $300 million" in 2020, Complaint ¶ 4, nowhere does it suggest what share of Defendant's revenue came from the clients Plaintiff introduced to Defendant.

Accordingly, it is hereby ORDERED that, on or before **April 16, 2021**, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC and plead sufficient facts to demonstrate a reasonable probability that the amount in controversy exceeds $75,000. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege both complete diversity of citizenship and an amount in controversy sufficient to clear the statutory limit, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: April 9, 2021
New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge