UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL FRIEDMAN GROUP INC.,                          :
                                                      :
                              Plaintiff,              :
                                                      :
                -v-                                   :          21-CV-3036 (JMF)
                                                      :
DIGITAL MEDIA SOLUTIONS, LLC,                         :          ORDER
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff filed this action on April 8, 2021.  *See* ECF No. 1.  On April 9, 2021, the Court
issued an Order noting that Plaintiff had not adequately alleged that the Court had subject-matter
jurisdiction pursuant to 28 U.S.C. § 1332.  ECF No. 5.  In that Order, the Court instructed
Plaintiff to "amend its Complaint to allege the citizenship of each constituent person or entity
comprising the Defendant LLC and plead sufficient facts to demonstrate a reasonable probability
that the amount in controversy exceeds $75,000."  *Id.* at 2.  On April 16, 2021, Plaintiff filed an
Amended Complaint in which it alleged that the Defendant LLC's sole member is Digital Media
Solutions Holding, LLC, whose majority member is a "Delaware resident" by the name of CEP
V DMS US Blocker Company.  ECF No. 6, ¶ 18.  Plaintiff also alleges that Digital Media
Solutions Holding, LLC has "various minority members[] none of [whom are] resident in New
York."  *Id.*  Alas, that does not cut it, as it is well established that "allegations of residency alone
cannot establish citizenship."  *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

    In the Court's prior Order, the Court warned Plaintiff that failure to properly allege
subject-matter jurisdiction in the Amended Complaint would result in dismissal.  *See* ECF No. 5.
Nevertheless, "when the record supports a factual basis for diversity, leave to correct a technical
defect is freely given."  *Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. 2018) (summary
order).  Accordingly, the Court will give Plaintiff one final chance to properly establish subject-
matter jurisdiction.  No later than **April 23, 2021**, Plaintiff shall once again amend its Complaint
to properly allege the *citizenship* of each party to this action (including the *citizenship* of each
and every member of any LLC or limited partnership).  If, by that date, Plaintiff does not file an
amended complaint actually establishing this Court's subject-matter jurisdiction, the Court will
dismiss the case without prejudice and without further notice to any party.

    SO ORDERED.

Dated: April 19, 2021
       New York, New York                          _____
                                                   JESSE M. FURMAN
                                                   United States District Judge